IZARD NOBEL LLP
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut 06107
Tel.: (860) 493-6292
Fax: (860) 493-6290
mkindall@izardnobel.com

[Proposed] Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------------x
CITY OF ANN ARBOR EMPLOYEES'
RETIREMENT SYSTEM, on Behalf of Itself and
All Others Similarly Situated,

          Plaintiff,

   vs.

ACCURAY INCORPORATED, EUAN S.
THOMPSON, ROBERT E. McNAMARA, WADE
B. HAMPTON, TED TU, WAYNE WU, JOHN R.
ADLER, JR., and ROBERT S. WEISS,

          Defendants.
-------------------------------------------------------x
-------------------------------------------------------x
MICHAEL WHITTEN, Individually and On
Behalf of All Others Similarly Situated,

          Plaintiff,

   vs.

ACCURAY INCORPORATED, EUAN S.
THOMPSON, ROBERT E. McNAMARA,
WADE B. HAMPTON, TED TU WAYNE WU,
JOHN R. ADLER, JR., and ROBERT S. WEISS,

          Defendants.
-------------------------------------------------------x

No. CV 09-3362CW

**CLASS ACTION**

**NOTICE OF MOTION AND
MOTION OF RICK LARSON
FOR CONSOLIDATION,
APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL
OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

DATE:     October 29, 2009
TIME:     2 P.M.
CTRM:    2
JUDGE:   Hon. Claudia Wilken

No. 3:09-CV-3637 CW

------------------------------------------------------------x
DOUG BENNINGTON, On Behalf of Himself and )          No. 3:09-CV-3813 PJH
All Others Similarly Situated,                                )
                                                              )
                    Plaintiff,                                )
                                                              )
          vs.                                                 )
                                                              )
ACCURAY INCORPORATED, EUAN S.                                 )
THOMPSON, ROBERT E. McNAMARA,                                 )
WADE B. HAMPTON, TED TU WAYNE WU,                             )
JOHN R. ADLER, JR., and ROBERT S. WEISS,                      )
                                                              )
                    Defendants.                               )
------------------------------------------------------------x

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, October 29, 2009, at 2 P.M., or as soon

thereafter as the matter may be heard before the Honorable Claudia Wilken United States District

Judge for the Northern District of California at Oakland, in Courtroom 2, Class Member Rick

Larson ("Larson") will, and hereby does, move this Court for an order (i) consolidating the

above-referenced actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Larson as Lead

Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of

1934 (the "1934 Act") and Section 27(a)(3)(B) of the Securities Act of 1933 (the "1933 Act"), as

amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §

78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B)[1]; and (ii) approving Larson's choice of Izard

Nobel LLP to serve as Lead Counsel.

This motion is made on grounds that Larson is the "most adequate plaintiff" pursuant to

Section 21D(a)(3)(B) of the 1934 Act and Section 27(a)(3)(B) of the 1933 Act.  Moreover,

---

[1] The lead plaintiff provisions of the 1934 Act and 1933 Act, as amended by the PSLRA, are identical.
*See* 15 U.S.C. §77z-1; 15 U.S.C. §78u-4. To avoid duplicative citation, only the lead plaintiff provisions
of the 1934 Act are cited herein.

Memorandum of Points and Authorities in Support of Motion of Rick Larson for
Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil
Action No. CV 09 3362 CW

2

Larson meets the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion in that his claims are typical of the other Class Members' claims and he will fairly and adequately represent the Class.  In support of this Motion, Larson submits herewith a Memorandum of Points and Authorities and the Declaration of Mark P. Kindall.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are three related class actions on behalf of purchasers of Accuray, Inc. ("Accuray" or the "Company") common stock pursuant or traceable to the Company's Initial Public Offering (the "IPO") on or about February 7, 2007, as well as purchasers of the Company's common stock between February 7, 2007 and August 19, 2008, (the "Class" and the "Class Period") pursuant to the 1934 Act and the 1933 Act.[2]

Here, the above-referenced related actions should be consolidated because they each involve similar issues of law and fact and Larson should be appointed as lead plaintiff because: (i)  his motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants; and (ii) Larson is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because he has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the Class, and otherwise meets the requirements of Fed.R. Civ. P. 23(a).  Finally, Larson's selection of Izard Nobel LLP as Lead Counsel should be approved, as Izard Nobel LLP has substantial experience prosecuting securities class action litigation.

---

[2] The three related actions are: *City of Ann Arbor Employees' Retirement System v. Accuray, Inc., et al.,* cv 09-3362 (CW); *Witten v. Accuray, Inc., et al.,* cv 09-3637 (CW); and *Bennington v. Accuray, Inc., et al.,* cv 09-3813 (CW).  On September 1, 2009, the Court issued and Order, *sua sponte,* relating the *City of Ann Arbor Employees' Retirement System* and *Witten* actions.

Memorandum of Points and Authorities in Support of Motion of Rick Larson for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 09 3362 CW

3

## II.      SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

This is a class action for violations of the federal securities laws on behalf of all purchasers of Accuray common stock pursuant or traceable to the Company's IPO on or about February 7, 2007, as well as purchasers of the Company's common stock between February 7, 2007 and August 19, 2008, who were damaged thereby.

Accuray designs, develops and sells the Cyberknife system, an image-guided robitic radio surgery system for the treatment of solid tumors. The CyberKnife system combines continuous image-guidance technology with a compact linear accelerator to deliver high doses of radiation to a tumor from different directions.

By its Complaint, filed on July 22, 2009, Plaintiff alleged, *inter alia*, that Accuray and certain of its officers and directors (collectively "defendants") violated Sections 11, 12(a)(2) and 15 of the 1933 Act and Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder by making materially false statements concerning the quality and realistic likelihood of fulfillment of contracts in Accuray's "backlog," a figure representing the direct revenue that Accuray expects to receive from the sale and servicing of the CyberKnife system. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (i) at the time of Accuray's IPO, Accuray changed its definition of backlog to include both contingent and non-contingent contracts; (ii) beginning in the fiscal quarter ending March 31, 2007 (at the time of the IPO), the Company would report backlog that consisted of both contingent and non-contingent backlog, thereby increasing the total reported backlog; (iii) defendants materially overstated the amount of Accuray's backlog; (iv) Accuray reported as backlog orders for the CyberKnife system that did not have a substantially high probability of being booked as revenue; (v) a significant portion of commissions paid to CyberKnife sales personnel were earned prior to those potential sales being booked as revenue; (vi) Accuray sales personnel entered into

Memorandum of Points and Authorities in Support of Motion of Rick Larson for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 09 3362 CW

4

contingent contracts for CyberKnife systems that did not have a substantially high probability of

being booked as revenue; (vii) Accuray did not have adequate internal controls and procedures to

ensure that potential orders reported as backlog had a substantially high probability of being

booked as revenue; and (viii) based on the foregoing, defendants lacked a reasonable basis for

their positive statements about the Company, its backlog, earnings, operations and prospects.

On August 19, 2008, Accuray announced its fiscal fourth quarter and full year 2008

financial results for the period ended June 28, 2008 in a press release entitled "Accuray

Announces Results for the Fourth Quarter and Fiscal Year End 2008; 28 New Contracts Valued

at $115.5 Million Signed in Fourth Quarter".  On the same day, Accuray held a conference call

with analysts and reiterated the financial results in the press release and revealed that Accuray

removed another $39 million from backlog. Thus, Accuray removed approximately $127 million

in backlog during the last three quarters of fiscal 2008.

## III.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions

involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* Fed.

R. Civ. P. 42(a))[3] and the PSLRA provide for consolidation of related actions brought under the

federal securities laws. Section 21(a)(3)(B)(iii) of the 1934 Act addresses the issue

of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially
> the same claim or claims arising under this title has been filed, and
> any party has sought to consolidate those actions for pretrial
> purposes or for trial, the Court shall not make the determination [of

---

[3] *See* Fed. R. Civ. P. 42(a):  "Consolidation.  If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

Memorandum of Points and Authorities in Support of Motion of Rick Larson for
Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil
Action No. CV 09 3362 CW

5

> appointment of lead plaintiff] until after the decision on the motion
> to consolidate is rendered . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related Actions are suited for consolidation.  The class action complaints are all brought by purchasers of Accuray common stock alleging identical class periods and containing similar allegations concerning defendants' material misrepresentations in violation of the 1933 and 1934 Acts.  While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same facts and or subject matter and the same discovery will be relevant in all actions.  *See Weisz v. Calpine Corp.,* 2002 WL 32818827, at *2 (N.D. Cal. 2002).  These actions should therefore be consolidated.

## IV.     LARSON SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.     The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1933 Act and 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(1).  Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(I).  The PSLRA further provides:

Memorandum of Points and Authorities in Support of Motion of Rick Larson for
Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil
Action No. CV 09 3362 CW

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--

(aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I);  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mohanity v. Big Band Networks, Inc*., 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).

**B.    The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied.  On July 22, 2009 Coughlin Stoia Geller Rudman & Robbins LLP caused a notice to be published on *Business Wire* that advised purchasers of Accuray common stock purchased during the Class Period of (i) the pendency of a securities class action against defendants, (ii) the claims asserted on behalf of the Class and (iii) the right of any Class Member to move the court to serve as lead plaintiff within the 60-day period (by September 21, 2009) (the "Notice").  Cf. *Greebel v. FTP Software, Inc*., 939 F. Supp. 57, 62-63 (D. Mass. 1996); *In re Milestone Scientific Sec.*

Memorandum of Points and Authorities in Support of Motion of Rick Larson for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 09 3362 CW

*Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 216 (D.N.J. 1999).[4]

### C.   Larson Has The Largest Financial Interest In The Relief Sought By The Class

According to the information provided in the Certification of Named Plaintiff submitted by Larson (Kindall Declaration, Exhibit A),  Mr. Larson purchased 31,899 shares of Accuray common stock during the Class Period at purchase prices totaling approximately $450,060 and sustained estimated losses of approximately $186,969 (if damages are calculated under the 1934 Act) or losses of approximately $196,633 (if damages are calculated under the 1933 Act). Larson knows of no other Class Member who has sought to be Lead Plaintiff that possesses a larger financial interest in this litigation.  Based on his significant losses, Larson has "the largest financial interest in the relief sought" by the Class.

### D.   Larson Has Satisfied The Other Requirements Of The PSLRA

Larson has satisfied each of the other requirements of the PSLRA.  First, he has signed a certification, under oath, which:

(i)    states that he has reviewed the Complaint;

(ii)   states that he did not purchase Accuray common stock at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii)  states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv)   sets forth all of his transactions in the common stock of Accuray;

(iv)   states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(v)    states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

---

[4]  A copy of the Notice is attached as Exhibit B to the Kindall Declaration.

Memorandum of Points and Authorities in Support of Motion of Rick Larson for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 09 3362 CW

8

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, 2007 WL 1129344, at *3 (N.D. Cal. April 16, 2007). [5]

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class. *See In re Century Aluminum Company Secs. Litig.*, 2009 WL 2905962 (N.D. Cal. Sept 8, 2009)*; Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999).

The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct.   *See Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).  The "adequacy" requirement of Rule 23(a)(4) is satisfied when no conflicts exist between the proposed lead plaintiff and the proposed class, and where the proposed lead plaintiff's counsel is qualified and experienced. *Straton v. Boeing Co.*, 327 F.R.D. 938, 957 (9th Cir. 2003).  Here, Larson's claims are typical of those claims belonging to all Class Members.  Larson, like all Class Members, maintains that he suffered losses due to defendants' materially false statements in violation of the federal securities laws.  Further, Larson's interests are clearly aligned with those of the Members of the Class, and there is no evidence of any antagonism between his interests and those of the Class.  Larson has also demonstrated that he will adequately represent the interests of the class by having obtained

---

[5]  Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, at this stage of the litigation a proposed lead plaintiff need only make a preliminary showing that he satisfy the typicality and adequacy requirements of Rule 23. *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal Aug. 22, 2008).

Memorandum of Points and Authorities in Support of Motion of Rick Larson for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 09 3362 CW

9

qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of lead plaintiff and class representative.  Accordingly, Larson has shown that his claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

### E.     The Court Should Approve Larson's Selection Of Lead Counsel

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class."  *See* Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

The Court should approve Larson's selection of Izard Nobel LLP as Lead Counsel. As detailed in its firm resume (Kindall Declaration, Exhibit C), Izard Nobel LLP has extensive experience in the area of securities class action litigation.  Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

## V.    CONCLUSION

For the foregoing reasons, Larson respectfully requests that this Court consolidate the related actions, appoint him to serve as Lead Plaintiff on behalf of the Class and approve his selection of Izard Nobel LLP as Lead Counsel.


Dated: September 21, 2009                    Respectfully submitted,


                                            IZARD NOBEL LLP

                                            By:    /s/ Mark P. Kindall
                                            Mark P. Kindall (138703)
                                            29 South Main Street, Suite 215
                                            West Hartford, Connecticut  06107

Memorandum of Points and Authorities in Support of Motion of Rick Larson for
Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil
Action No. CV 09 3362 CW

Tel.:  (860) 493-6292
Fax:  (860) 493-6290
mkindall@izardnobel.com

Of Counsel:
Jeffrey S. Nobel
Nancy A. Kulesa
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

Memorandum of Points and Authorities in Support of Motion of Rick Larson for
Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil
Action No. CV 09 3362 CW

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2009 this document was filed electronically and served via U.S. mail on all parties not registered electronically. Notice of this filing will be sent by e-mail to all parties denoted on the attached Electronic Mail Notification List by the Court's electronic filing system.

/s/ Mark P. Kindall
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290
mkindall@izardnobel.com

# Mailing Information for a Case 4:09-cv-03362-CW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM
- **LAPIDUS GROUP**
  cand.uscourts@classcounsel.com
- **Shawn A. Williams**
  shawnw@csgrr.com,FileRoomSF@csgrr.com,jdecena@csgrr.com,FileRoomSD@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Memorandum of Points and Authorities in Support of Motion of Rick Larson for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 09 3362 CW

12
