1   COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2   SHAWN WILLIAMS (213113)
    100 Pine Street, 26th Floor
3   San Francisco, CA  94111
    Telephone:  415/288-4545
4   415/288-4534 (fax)
    shawnw@csgrr.com
5       – and –
    DARREN J. ROBBINS (168593)
6   BRIAN O. O'MARA (229737)
    655 West Broadway, Suite 1900
7   San Diego, CA  92101
    Telephone:  619/231-1058
8   619/231-7423 (fax)
    darrenr@csgrr.com
9   bomara@csgrr.com

    LABATON SUCHAROW LLP
    CHRISTOPHER J. KELLER
    ALAN I. ELLMAN
    STEFANIE J. SUNDEL
    140 Broadway, 34th Floor
    New York, NY  10005
    Telephone:  212/907-0700
    212/818-0477 (fax)
    CKeller@labaton.com
    AEllman@labaton.com
    SSundel@labaton.com

10  [Proposed] Co-Lead Counsel for Plaintiffs

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | )  No. 09-cv-03362-CW )  )  CLASS ACTION |
| 14 | ) |
| 15              Plaintiff, | )  ACCURAY INVESTOR GROUP'S NOTICE )  OF MOTION AND MOTION FOR |
| 16      vs. | )  CONSOLIDATION, APPOINTMENT OF )  LEAD PLAINTIFF AND APPROVAL OF |
| 17  ACCURAY INCORPORATED, et al., | )  SELECTION OF COUNSEL; )  MEMORANDUM OF POINTS AND |
| 18              Defendants. | )  AUTHORITIES IN SUPPORT THEREOF ) |

19                                            DATE: October 29, 2009
                                             TIME:  2:00 p.m.
20                                            COURTROOM:  2
                                             JUDGE:  Hon. Claudia Wilken

1

**TABLE OF CONTENTS**

2
**Page**

3   I.     STATEMENT OF ISSUES TO BE DECIDED ................................................. 1

4   II.    SUMMARY OF THE ACTION ...................................................................... 3

5   III.   ARGUMENT .................................................................................................. 4

6          A.     The Related Actions Should Be Consolidated ..................................... 4

7          B.     The Accuray Investor Group Satisfies the PSLRA's Requirements and
                  Should Be Appointed Lead Plaintiff ................................................... 5
8
                  1.     The Accuray Investor Group's Motion Is Timely ...................... 5
9
                  2.     The Accuray Investor Group Possesses the Largest Financial
10                        Interest in the Relief Sought by the Class ................................. 6

11                 3.     The Accuray Investor Group Meets Rule 23's Requirements .... 6

12         C.     This Court Should Approve the Accuray Investor Group's Selection of
                  Counsel ............................................................................................. 7
13
    IV.    CONCLUSION .............................................................................................. 9
14
15

16

17

18

19

20

21

22

23

24

25

26

27

28   THE ACCURAY INVESTOR GROUP'S NOTICE OF MOTION AND MOTION FOR          - i -
     CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND
     APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT THEREOF - 09-cv-03362-CW

**NOTICE OF MOTION AND MOTION**

TO:      ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Thursday, October 29, 2009, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the Honorable Claudia Wilken, Zhengxu He, Individually and as Trustee for the He & Fang 2005 Revocable Trust and Zhengxu He Roth IRA, and the City of Brockton Retirement System (collectively, the "Accuray Investor Group") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B),[1] for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Accuray Investor Group as lead plaintiff; and (3) approving the Accuray Investor Group's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Labaton Sucharow LLP ("Labaton Sucharow") as co-lead counsel.  This Motion is made on the grounds that the Accuray Investor Group is the "most adequate plaintiff" to serve as lead plaintiff.  In support of this Motion, the Accuray Investor Group submits herewith a Memorandum of Points and Authorities and the Declaration of Darren J. Robbins ("Robbins Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF ISSUES TO BE DECIDED**

Presently pending in this District are three class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock of Accuray Incorporated ("Accuray" or the "Company") either pursuant to and/or traceable to the Company's February 7, 2007, Initial Public Offering (the "Offering") or between February 7, 2007 and August 19, 2008 (the "Class Period"): (1): *City of Ann Arbor Employees' Retirement System v. Accuray Inc.*, 09-cv-03362-CW (N.D. Cal. July 22, 2009); (2) *Whitten v. Accuray Inc.*, 09-cv-03637-CW (N.D.

---

[1]      The lead plaintiff provisions of the Securities Act of 1933 (the "Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, are identical. *See* 15 U.S.C. §§77z-1 and 78u-4.  To avoid duplicative citation, only the lead plaintiff provisions of the Exchange Act are cited herein.

THE ACCURAY INVESTOR GROUP'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 09-cv-03362-CW                                                                - 1 -

1    Cal. Aug. 7, 2009); and (3) *Bennington v. Accuray Inc.*, 09-cv-03813-PJH (N.D. Cal. Aug. 19,

2    2009).  Each of the lawsuits asserts claims pursuant to the Securities Act on behalf of all purchasers

3    of Accuray common stock pursuant or traceable to the Company's Offering and/or pursuant to the

4    Exchange Act on behalf of purchasers of Accuray common stock during the Class Period (the

5    "Class").[2]

6          These Related Actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act,

7    Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R.

8    §240.10b-5, and §§11, 12(a)(2) and 15 of the Securities Act.  Pursuant to the PSLRA, the Court must

9    decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation

10   on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related

11   Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of

12   law and fact.

13         Additionally, the Court is to appoint as lead plaintiff the person or group of persons with the

14   largest financial interest in the relief sought by the class that otherwise satisfy the requirements of

15   Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B).  Here, the Accuray

16   Investor Group should be appointed as lead plaintiff because it: (1) timely filed its motion for

17   appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of

18   any person or group of persons of which it is aware; and (3) will adequately represent the interests of

19   the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Robbins Decl., Ex. A.

20         In addition, the Accuray Investor Group's selection of Coughlin Stoia and Labaton Sucharow

21   to serve as lead counsel should be approved because these firms possess extensive experience in the

22

23

---

24   [2]    On September 1, 2009, the Honorable Claudia Wilken entered an order finding the *Ann
25   Arbor* Action and the *Whitten* Action related within the meaning of Civil Local Rule 3-12
     (Docket #9).  The PSLRA requires that the Related Actions be consolidated prior to appointing a
26   lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii) (requiring consolidation of related actions prior to
     the appointment of lead plaintiff).
27

28   THE ACCURAY INVESTOR GROUP'S NOTICE OF MOTION AND MOTION FOR
     CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND
     APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT THEREOF - 09-cv-03362-CW                                                          - 2 -

1  prosecution of securities class actions and will adequately represent the interests of all class

2  members.

3  **II.    SUMMARY OF THE ACTION**

4          Accuray designs, develops, and sells the CyberKnife system, an image-guided robotic radio

5  surgery system for the treatment of solid tumors.  The CyberKnife system combines continuous

6  image-guidance technology with a compact linear accelerator to deliver high doses of radiation to a

7  tumor from different directions.

8          During the Class Period, defendants misrepresented and failed to disclose material

9  information concerning the quality and realistic likelihood of fulfillment of contracts in Accuray's

10  "backlog," a figure representing the direct revenue that Accuray expects to receive from the sale and

11  servicing of the CyberKnife system.  Specifically, defendants misrepresented and/or failed to

12  disclose the following adverse facts: (i) at the time of Accuray's Offering, Accuray changed its

13  definition of backlog to include both contingent and non-contingent contracts; (ii) beginning in the

14  fiscal quarter ending March 31, 2007 (at the time of the Offering), Accuray would report backlog

15  that consisted of both contingent and non-contingent backlog, thereby increasing the total reported

16  backlog; (iii) defendants materially overstated the amount of the Company's backlog; (iv) Accuray

17  reported as backlog orders for the CyberKnife system that did not have a substantially high

18  probability of being booked as revenue; (v) a significant portion of commissions paid to CyberKnife

19  sales personnel were earned prior to those potential sales being booked as revenue; (vi) Accuray

20  sales personnel entered into contingent contracts for CyberKnife systems that did not have a

21  substantially high probability of being booked as revenue; (vii) Accuray did not have adequate

22  internal controls and procedures to ensure that potential orders reported as backlog had a

23  substantially high probability of being booked as revenue; and (viii) based on the foregoing,

24  defendants lacked a reasonable basis for their positive statements about the Company, its backlog,

25  earnings, operations and prospects.

26

27

28  THE ACCURAY INVESTOR GROUP'S NOTICE OF MOTION AND MOTION FOR
    CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND
    APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
    SUPPORT THEREOF - 09-cv-03362-CW                                                   - 3 -

On January 30, 2008, the Company announced that approximately $30 million worth of orders were taken out of backlog, and that profit and revenue fell short of analyst estimates.  In response, shares of Accuray plummeted more than 36 percent.

On August 19, 2008, Accuray announced its fiscal fourth quarter and full year 2008 financial results for the period ended June 28, 2008 in a press release titled "Accuray Announces Results for the Fourth Quarter and Fiscal Year End 2008; 28 New Contracts Valued at $115.5 Million Signed in Fourth Quarter."  That same day, Accuray held a conference call with analysts and reiterated the financial results in the press release and revealed that Accuray removed another $39 million from backlog.  In all, Accuray removed approximately $127 million in backlog during the last three quarters of fiscal 2008.

In response to the disappointing news about the elimination of orders from backlog, on August 20, 2008, shares of Accuray declined from a close of $7.57 per share on August 19, 2008 to a low of $6.90 per share (or almost 9%), and eventually closed at $7.71 on extremely high volume.

The scheme: (i) deceived the investing public regarding Accuray's business, operations, management and the intrinsic value of Accuray common stock; (ii) enabled the individual defendants and other Accuray insiders to sell more than 10.5 million shares of their personally-held Accuray common stock, generating proceeds of more than $209 million; and (iii) caused the Accuray Investor Group and other members of the Class to purchase Accuray common stock at artificially inflated prices.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  Here, the Related Actions are ideally suited for consolidation pursuant to Rule 42(a) because their unification will expedite pretrial

proceedings, reduce case duplication and minimize the expenditure of time and money for all concerned parties.  The Related Actions present substantially the same factual and legal issues.  As a result, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate.

**B.      The Accuray Investor Group Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities and Exchange Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice.  Here, notice was published on July 22, 2009, on *Business Wire* in connection with the filing of the first-filed action.  *See* Robbins Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The Accuray Investor Group meets each of these requirements and should therefore be appointed lead plaintiff.

**1.      The Accuray Investor Group's Motion Is Timely**

The Accuray Investor Group has timely filed this Motion within 60 days of the July 22, 2009 notice publication, and has also duly signed and filed certifications evidencing, among other things,

its willingness to serve as a representative party on behalf of the Class. *See* Robbins Decl., Ex. A. Accordingly, the Accuray Investor Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### 2.    The Accuray Investor Group Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Accuray Investor Group expended approximately $14 million in purchases of Accuray common stock and lost approximately $4.2 million due to defendants' conduct. *See* Robbins Decl., Exs. A and B; *see also Cavanaugh*, 306 F.3d at 732. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Accuray Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Accuray Investor Group Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Accuray Investor Group, comprised of a large individual investor and an institutional investor, satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality

1  requirements are not high; Rule 23(a) requires only that resolution of the common questions affect

2  all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D.

3  Cal. 2000).  The adequacy requirement is met if no conflicts exist between the representative and

4  class interests and the representative's attorneys are qualified, experienced and generally able to

5  conduct the litigation. *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal.

6  2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

7       Here, the Accuray Investor Group meets the typicality and adequacy requirements because it

8  purchased Accuray common stock in the Offering and/or during the Class Period in reliance upon

9  the false and misleading statements issued by defendants and suffered damages thereby, as did the

10 other members of the purported Class.  Because the Accuray Investor Group's claims are premised

11 on the same legal and remedial theories and are based on the same types of alleged

12 misrepresentations and omissions as the Class's claims, typicality is satisfied. *See In re Surebeam*

13 *Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS 25022 (S.D. Cal. 2004).  Additionally, the Accuray

14 Investor Group is not subject to any unique defenses and there is no evidence of any conflicts

15 between the Accuray Investor Group and the other class members.

16      The Accuray Investor Group therefore satisfies the *prima facie* showing of the typicality and

17 adequacy requirements of Rule 23 for purposes of this Motion.

18      **C.   This Court Should Approve the Accuray Investor Group's Selection
           of Counsel**

19

20      The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the

21 class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732

22 n.11.  The Accuray Investor Group has selected Coughlin Stoia and Labaton Sucharow as co-lead

23 counsel for the Class.  Coughlin Stoia and Labaton Sucharow actively practice complex litigation

24 and have successfully prosecuted numerous securities fraud class actions on behalf of injured

25 investors.

26      Coughlin Stoia is a 190-lawyer law firm that is actively engaged in complex litigation,

27 emphasizing securities, consumer, and antitrust class actions. *See Cortese v. Radian Group, Inc.*,

28 THE ACCURAY INVESTOR GROUP'S NOTICE OF MOTION AND MOTION FOR
   CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND
   APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
   SUPPORT THEREOF - 09-cv-03362-CW                                          - 7 -

1   2008 U.S. Dist. LEXIS 6958, at *18 (E.D. Pa. 2008) ("'The firm is comprised of probably the most

2   prominent securities class action attorneys in the country.'") (citation omitted); Robbins Decl.,

3   Ex. D.  Coughlin Stoia possesses extensive experience litigating securities class actions and has

4   successfully prosecuted numerous securities fraud class actions on behalf of injured investors,

5   including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court

6   finds that [Coughlin Stoia] will represent deftly the class's interests") and *In re Enron Corp., Sec.*

7   *Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).  Coughlin Stoia's securities department includes numerous

8   trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-

9   house experts to aid in the prosecution of complex securities issues.  *See* Robbins Decl., Ex. D.

10        Labaton Sucharow has had leading roles in numerous important actions on behalf of

11   defrauded investors.  For example, Labaton Sucharow served as lead counsel in the *Waste*

12   *Management* securities litigation, which resulted in a settlement of $457 million, one of the largest

13   common-fund securities class action settlements ever achieved at that time.  *See* Robbins Decl.,

14   Ex. E; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000)

15   (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in

16   federal securities fraud class actions").  Also, Labaton Sucharow is currently serving as lead or co-

17   lead counsel in the securities fraud cases against American International Group, HealthSouth,

18   Countrywide, Bear Stearns, Fannie Mae, Royal Bank of Scotland, Satyam, and others.

19        Thus, the Court may be assured that in the event this Motion is granted, the members of the

20   Class will receive the highest caliber of legal representation available.

28   THE ACCURAY INVESTOR GROUP'S NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - 09-cv-03362-CW                                          - 8 -

## IV.     CONCLUSION

For the foregoing reasons, the Accuray Investor Group respectfully requests that the Court: (1) consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint the Accuray Investor Group as Lead Plaintiff; and (3) approve the Accuray Investor Group's selection of Coughlin Stoia and Labaton Sucharow as Co-Lead Counsel for the Class.

DATED:  September 21, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA


                 s/ DARREN J. ROBBINS
                 DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN WILLIAMS
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
ALAN I. ELLMAN
STEFANIE J. SUNDEL
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

Document1

1                                         <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on September 21, 2009, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4   addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5   mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6   participants indicated on the Manual Notice List, and to the participants listed on the attached

7   Service List.

8          I certify under penalty of perjury under the laws of the United States of America that the

9   foregoing is true and correct.  Executed on September 21, 2009.

10

11                                        <u>s/ DARREN J. ROBBINS</u>
                                        DARREN J. ROBBINS

12                                        COUGHLIN STOIA GELLER

13                                           RUDMAN & ROBBINS LLP
                                        655 West Broadway, Suite 1900

14                                        San Diego, CA  92101-3301
                                        Telephone:  619/231-1058

15                                        619/231-7423 (fax)

16                                        E-mail: darrenr@csgrr.com

17

18

19

20

21

22

23

24

25

26

27

28

**Mailing Information for a Case 4:09-cv-03362-CW**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shawn A. Williams**
  shawnw@csgrr.com,FileRoomSF@csgrr.com,jdecena@csgrr.com,FileRoomSD@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csg

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

ACCURAY

Service List - 9/21/2009    (09-0125)

Page 1 of  2

**Counsel For Defendant(s)**

John C. Dwyer
Jessica Valenzuela Santamaria
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
   650/843-5000
   650/857-0663 (Fax)

**Counsel For Plaintiff(s)**

Darren J. Robbins
Brian O. O'Mara
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423 (Fax)

Shawn A. Williams
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

Robert S. Green
Green Welling, P.C.
595 Market Street, Suite 2750
San Francisco, CA  94105
   415/477-6700
   415/477-6710 (Fax)

Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
   212/907-0700
   212/818-0477 (Fax)

Peter A. Lagorio
Law Office of Peter A. Lagorio
63 Atlantic Avenue
Boston, MA  02110
   617/367-4200
   617/227-3384 (Fax)

ACCURAY

Service List - 9/21/2009    (09-0125)

Page 2 of  2

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020
  215/638-4847
  215/638-4867 (Fax)


Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
Shalov Stone Bonner & Rocco LLP
485 Seventh Avenue, Suite 1000
New York, NY  10018
  212/239-4340
  212/239-4310 (Fax)

Ronen  Sarraf
Joseph  Gentile
Sarraf Gentile LLP
11 Hanover Square, 2nd Floor
New York, NY  10005
  212/868-3610
  212/918-7967 (Fax)


Michael J. VanOverbeke
Thomas C. Michaud
VanOverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI  48201
  313/578-1200
  313/578-1201 (Fax)