IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF ANN ARBOR EMPLOYEES'
RETIREMENT SYSTEM,

    Plaintiff,

  v.

ACCURAY INC., et al.,

    Defendants.

No. C 09-03362 CW

ORDER CONSOLIDATING CASES, APPOINTING THE ACCURAY INVESTOR GROUP AS LEAD PLAINTIFF, AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL

    Currently pending before this Court are three related securities fraud class actions.  Plaintiffs the Lapidus Group, Rick Larson and the Accuray Investor Group have filed competing motions for appointment as lead plaintiff.  Plaintiffs also move to consolidate the related cases for all purposes.  The motions were decided on the papers.  Having considered all of the papers filed by the parties, the Court consolidates the related actions for all purposes, appoints Plaintiff Accuray Investor Group as lead Plaintiff and approves Accuray's selection of lead class counsel.

BACKGROUND

    Defendant Accuray Incorporated designs, develops and sells the CyberKnife system, an image-guided robotic radio surgery system for the treatment of solid tumors.  The CyberKnife system combines

1  continuous image-guidance technology with a compact linear
2  accelerator to deliver high doses of radiation to a tumor from
3  different directions.
4     According to Plaintiffs' complaint, Defendant misrepresented
5  and failed to disclose material information concerning the quality
6  and realistic likelihood of fulfillment of contracts its "backlog."
7  The backlog is the direct revenue that Defendant expects to receive
8  from the sale and servicing of the CyberKnife system.
9  Specifically, Plaintiffs allege that Defendant misrepresented
10 and/or failed to disclose the following adverse facts: (1) at the
11 time of Defendant's IPO, it changed its definition of backlog to
12 include contingent as well as non-contingent contracts;
13 (2) beginning in the fiscal quarter ending March 31, 2007 (at the
14 time of the IPO), the Company reported backlog that consisted of
15 both contingent and non-contingent backlog, thereby increasing the
16 total reported backlog; (3) Defendant materially overstated the
17 amount of its backlog; (4) Defendant reported as backlog orders for
18 the CyberKnife system that did not have a substantially high
19 probability of being booked as revenue; (5) a significant portion
20 of commissions paid to CyberKnife sales personnel were earned
21 before those potential sales were booked as revenue;
22 (6) Defendant's sales personnel entered into contingent contracts
23 for CyberKnife systems that did not have a substantially high
24 probability of being booked as revenue; (7) Defendant did not have
25 adequate internal controls and procedures to ensure that potential
26 orders reported as backlog had a substantially high probability of
27 being booked as revenue; and (8) based on the foregoing, Defendant
28 lacked a reasonable basis for its positive statements about the

2

Company, its backlog, earnings, operations and prospects. Defendant allegedly overstated its backlog by $127 million during the last three quarters of fiscal 2008.

## DISCUSSION

### I. Consolidation

Federal Rule of Civil Procedure 42(a) permits consolidation of "actions involving a common question of law or fact." To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. See Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). "Consolidation is within the broad discretion of the district court." In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

No party to these actions objects to their consolidation. Plaintiffs proceed against the same Defendants on the same legal theories. Furthermore, the factual allegations in each complaint are virtually identical and, as a result, the same discovery will be relevant to all of the actions. Under these circumstances, consolidation will expedite the proceedings and avoid unnecessary duplication and expense. Therefore, the Court consolidates the related cases for all purposes.

### II. Appointment of Lead Plaintiff and Lead Counsel

The PSLRA provides that, as soon as practicable after a decision on a motion to consolidate is rendered, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15

U.S.C. § 78u-4(a)(3)(B)(i).  It further provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);[1]
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only upon proof that the presumptively most adequate plaintiff

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Id. § 78u-4(a)(3)(B)(iii)(II).  The party chosen as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  Id. § 78u-4(a)(3)(B)(v).

The Accuray Investor Group contends that it lost over $4 million from transactions in Accuray common stock during the class period.  By contrast, Mr. Larson and the Lapidus Group allege losses of $186,969 and $72,600 respectively.[2]  Thus, the Accuray

---

[1] The Act requires that the plaintiff or plaintiffs in the first filed action cause to be published, not later than twenty days after the date on which the complaint is filed, a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted therein, and the purported class period.  See 15 U.S.C. § 78u-4(a)(3)(A)(i)(I).  Not later than sixty days after the date such notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.  See id. § 78u-4(a)(3)(A)(i)(II).  These motions for appointment as lead plaintiff were timely filed within sixty days of that date.

[2] The Lapidus Group did not file an opposition and appears to
(continued...)

4

Investor Group argues that, of those seeking appointment as lead plaintiff, it has the largest financial interest in the relief sought. In addition, the Accuray Investor Group contends that it satisfies the requirements of Rule 23 because its members' claims are typical of the claims of the class. Lastly, it argues that Mr. Larson and the Lapidus Group have adduced no proof that the Accuray Investor Group will not fairly and adequately represent the interests of the class, either because some of its members are subject to unique defenses or for any other reason. Thus, the Accuray Investor Group contends that it should be appointed lead plaintiff. The Court agrees.

Mr. Larson argues that the Accuray Investor Group should not be appointed lead plaintiff because the group was "created for purposes of this litigation." Reply at 1. The Accuray Investor Group is comprised of Zhengxu He, individually and as trustee for the He & Fang 2005 Revocable Trust and Zhengxu He Roth IRA and the City of Brockton Retirement System (Brockton). Mr. Larson argues that one of the members of the Accuray Investor Group, Brockton, has purported financial losses of $97,922, which are far less than his losses of $186,969. In light of the PSLRA's statement that the most adequate plaintiff may be "a group of persons," id. § 78u-4(a)(3)(B)(iii)(I), most courts have concluded that the PSLRA authorizes plaintiffs to aggregate their losses for purposes of the lead plaintiff determination. See In re Advanced Tissue Sciences Sec. Litig., 184 F.R.D. 346, 350 n.11 (S.D. Cal. 1998) (collecting cases). Thus, the Court will not analyze Brockton's losses

---

[2](...continued)
have abandoned its motion for appointment as lead plaintiff.

5

separately from Accuray Investment Group's. Because the Accuray Investor Group's aggregate losses dwarf those of Mr. Larson and the Lapidus Group, the Court also concludes that, of the parties moving for appointment as lead Plaintiff, the Accuray Investor Group has the largest financial interest in the relief sought. Finally, the Court concludes that the Accuray Investor Group otherwise satisfies the requirements of Rule 23.[3] On these bases, the Court concludes that the Accuray Investor Group is the presumptively most adequate Plaintiff.

In addition, the Court approves the Accuray Investor Group's selection of co-lead counsel. Counsel for the Accuray Investor Group have demonstrated that they possess extensive experience in the area of securities litigation, and that they have successfully prosecuted numerous securities fraud class actions. See Robbins Decl., Exhs. D, E. However, the Accuray Investor Group's counsel must work to ensure that their joint appointment does not lead to the duplication of services, or to an increase in the overall attorneys' fees and expenses. See In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (approving the plaintiffs' choice of co-lead counsel on the condition that "there

---

[3] "For the purposes of a motion for appointment as lead plaintiff, a proposed lead plaintiff must only make a preliminary showing that he or she satisfies the requirements of Rule 23(a)." In re Advanced Tissue Sciences Sec. Litig., 184 F.R.D. at 349. The Accuray Investor Group has made such a showing. As already discussed, the factual and legal bases for the class members' claims are virtually identical. As a result, the claims of the members of the Accuray Investor Group are typical of the claims of the other class members. Furthermore, there is nothing in the record to suggest that the interests of the members of the Accuray Investor Group are at odds with the interests of the other class members, or that the Accuray Investor Group will otherwise fail to represent the interests of the class adequately.

is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses").

CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to consolidate the above-captioned actions. In addition, it appoints the Accuray Investor Group as lead Plaintiff, and approves their selection of Coughlin Stoia and Labaton Sucharow as co-lead counsel (Docket No. 21). The competing motions of Mr. Larson (Docket No. 19) and the Lapidus Group (Docket No. 10) for appointment as lead plaintiff are necessarily denied. Plaintiffs shall file a consolidated amended complaint within twenty days of the date of this order. Defendants shall respond, with an answer or a motion to dismiss, twenty days thereafter. If Defendants file a motion to dismiss, Plaintiffs' opposition will be due two weeks thereafter and Defendants' reply will be due one week later. Any such motion will be taken under submission on the papers. The higher numbered cases will be administratively closed, subject to later re-opening if necessary for any reason. The Court vacates the October 29, 2009 hearing and the November 17, 2009 case management conference. A further case management conference will be held on April 13, 2009 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 10/26/09

CLAUDIA WILKEN
United States District Judge