1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

| | |
|---|---|
| In re ACCURAY INC. SECURITIES LITIGATION ) | Master File No. 4:09-cv-03362-CW |
| ) | |
| ) | <u>CLASS ACTION</u> |
| ) | |
| This Document Relates To: ) | REVISED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ) | |
| ALL ACTIONS. ) | |
| ) | DATE:   Submitted matter |
| | TIME:   Submitted matter |
| | CTRM:   The Honorable Claudia Wilken |

615616_5

This matter came before the Court for hearing pursuant to an Order of this Court, dated June 10, 2011, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of April 27, 2011 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased Accuray common stock during the period between February 7, 2007 and August 19, 2008, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants; any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant; Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period; Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns; and members of the Individual Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, as set forth in Exhibit 1 attached hereto.

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8.      Upon the Effective Date, the Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, Settlement Class Members, and their counsel, employees, successors, and assigns, from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

10.     The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Revised Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

11.     Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and

1  their Related Parties may file the Stipulation and/or this Judgment in any other action that may be
2  brought against them in order to support a defense or counterclaim based on principles of *res*
3  *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other
4  theory of claim preclusion or issue preclusion or similar defense or counterclaim.

5   13.  Without affecting the finality of this Judgment in any way, this Court hereby retains
6  continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of
7  the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;
8  (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d)
9  all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

10  14.  The Court finds that during the course of the Litigation, the Settling Parties and their
11 respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure
12 11.

13  15.  In the event that the Settlement does not become effective in accordance with the
14 terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement
15 Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null
16 and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,
17 in such event, all orders entered and releases delivered in connection herewith shall be null and void
18 to the extent provided by and in accordance with the Stipulation.

19  16.  In the event residual funds remain following distribution of the Net Settlement Fund
20 in accordance with the procedures set forth in the Stipulation and the Court-approved Plan of
21 Allocation, those funds shall be paid to St. Jude Children's Research Hospital.  The Court finds that
22 the above *cy pres* distribution of any residual settlement proceeds will be the next best use of such
23 funds and will indirectly benefit Settlement Class Members.

24  IT IS SO ORDERED.

25 DATED: _____12/8/2011_____   _____
26                                 THE HONORABLE CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE
27
28

615616_5  [PROPOSED] REVISED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE -
4:09-cv-03362-CW                                                                              - 4 -

Submitted by:

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOY ANN BULL


           s/ Joy Ann Bull
            JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
JONATHAN GARDNER
MARK GOLDMAN
CAROL C. VILLEGAS
140 Broadway
New York, NY  10005
Telephone: 212/907-0700
212/818-0477 (fax)

Co-Lead Counsel for Plaintiffs

615616_5    [PROPOSED] REVISED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE -
4:09-cv-03362-CW                                                                                         - 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2011 I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at:  http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 8, 2011.

                         s/ Joy Ann Bull
                        JOY ANN BULL

                        ROBBINS GELLER RUDMAN
                             & DOWD LLP
                        655 West Broadway, Suite 1900
                        San Diego, CA  92101-3301
                        Telephone:  619/231-1058
                        619/231-7423 (fax)

                        E-mail:joyb@rgrdlaw.com

615616_5